ARCHIBALD A. McLAUGHLIN, RESPONDENT, *v.* JOHN T. CHARLES, APPELLANT.

*Slander — privileged communications — evidence given by a witness, compelled by law to answer, is not a repetition of the slander.*

The charter of the city of Amsterdam (Laws of 1885, chap. 131, § 32) authorizes its common council to summon any person to appear and testify before it, and provides for the punishment of a witness refusing to answer.

*Held,* that an investigation made by said common council, relative to the alleged bribery of the city engineer, was a judicial inquiry.

That testimony there given, and confined to the matter before the tribunal, was absolutely privileged, and a witness giving it was not liable to an action for damages for having given it whether it was true or false, and whether it was given maliciously or not.

That this rule applied to an action of slander, where the defendant's testimony, given upon such an investigation, was charged to constitute a repetition of a former slander uttered by him, and was alleged, as showing malice, to justify an increase of the damages recoverable.

That it was error for the court to charge that such testimony, given before the common council, was privileged only so far as it was true, and that if untrue it showed express malice.

APPEAL by the defendant John T. Charles from a judgment, entered in the clerk's office of Montgomery county on the 29th day of September, 1890, in favor of plaintiff; and also from an order denying a motion for a new trial made upon the minutes of the court, on the 27th day of September, 1890, after a trial at the Montgomery Circuit before the court and a jury, at which a verdict was rendered for plaintiff for $1,000.

*M. L. Stover*, for the appellant.

*Z. S. Westbrook*, for the respondent.

LEARNED, P. J.:

This is an appeal from a judgment on verdict, and from an order denying a new trial. The action is for slander. The complaint alleges that the defendant, about the seventh of December, spoke slanderous words of the plaintiff, setting them forth, and that on the twelfth of December he reiterated them.

The answer substantially admits the speaking of the words on December seventh; and, in regard to the reiteration on December twelfth, avers that it was made while giving testimony as a witness in an investigation made by the common council of Amsterdam. On the trial the plaintiff relied on the admission of the answer. He was a witness on his own behalf, and proved the circumstances under which the reiteration was made, substantially as stated in the answer.

Testimony to establish the truth of the charges contained in the slanderous words was given by defendant. And this testimony was afterwards contradicted by that of the plaintiff.

The learned justice in charging the jury said, in regard to the point that the communications were privileged: "He, the defendant, had a right, and it was his duty, to go before the common council and give testimony, * * * but he was privileged only to the extent of speaking the whole truth, and nothing but the truth, in reference to those charges. So that at last the jury must come down to the question : Are the allegations that the defendant made in reference to the conduct of the plaintiff true or false? That he reiterated them before the common council, if they are untrue, is an aggravation of the damages and shows additional malice. That he set them up in his answer, if he knew them to be untrue, was an additional aggravation that you may take into account." To this the defendant excepted.

At defendant's request the court charged that, as to the investigation, no damages can be given for words there spoken, unless express malice be shown. And the court added : "If they were untrue, it shows express malice;" to which defendant excepted.

The plaintiff was in the employ of the city of Amsterdam, but was not an officer. The charter of the city (Laws of 1885, chap. 131,

§ 32) authorizes the common council to summon a person to appear and testify before them, and provides for the punishment of a witness refusing to answer. The matter before the common council at that time was an investigation as to the plaintiff's conduct in matters connected with his work and duty as city engineer. It was, therefore, a proper subject of investigation. As he was not an elective officer, formal charges were not needed. (Sec. 16.)

This investigation before the common council was, then, a judicial investigation in the sense that the common council could summon witnesses, administer an oath to them and punish them for refusing to testify. (*Hosmer* v. *Loveland*, 19 Barb., 111.) Testimony given under such circumstances is absolutely privileged. That is, so long as the testimony is confined to the matter before the tribunal, the witness is not liable for what he says, whether he utters it maliciously or not, or whether it is true or false. Of course, he may not abuse this privilege by going outside of the questions put to him, and making false and slanderous statements. But it is essential to the due administration of justice that the witness should be at liberty to testify without the peril of an action for slander if some person deems his testimony slanderous and false. (*Hastings* v. *Lusk*, 22 Wend., 410 ; *Moore* v. *Man. Nat. Bk.*, 34 N. Y. St. Rep., 337 ; *S. C.*, 123 N. Y., 425.) This principle is not denied by the plaintiff. But he urges that it must appear that the statements were relevant to the issue. In this case they clearly were. The issue was whether the plaintiff had accepted and demanded money from contractors for performing the duty of making certificates. The testimony was directly relevant.

But the plaintiff further urges that while this principle would apply if this were an action for slander in speaking those words, yet, inasmuch as the speaking of those words is only alleged as a reiteration of the former slander and as an aggravation, the principle does not apply. The plaintiff argues that the plaintiff may show a repetition of the words for the purpose of showing malice and increasing the damages. There is no doubt of that general rule, that a repetition of the words may be shown as evidence of malice. But the question here is this : When such repetition is an absolutely privileged communication, can it then be shown in order to prove

malice? To determine this we must consider the reason why certain communications are held absolutely privileged. It is not to protect falsehood. But it is because public policy requires that when persons are witnesses on a trial they may testify freely and without danger. A witness is often compelled to say unpleasant things. He is often obliged by his testimony to charge some person with having committed a crime. Now, if the person thus charged could sue the witness for slander, and the only defense of the witness should be to prove the truth of his testimony, he would be in a very bad predicament. He might have no means of proving the truth of his testimony, and at any rate it would be a great annoyance to be sued and compelled to defend on that ground. It is, then, for public policy that the rule exists.

Now, if this is the ground and reason of the rule, it applies when the testimony of a witness is offered as a reiteration to show malice. The witness testified under compulsion, and he is entitled to the protection that what he says as a witness shall not be a cause of injury to him.

Let us suppose that a witness has made a statement to one person which is slanderous in its terms. The statement is true but he has no other witness to its truth than himself. The publicity is small, and the damages recoverable might be proportionally small. But subsequently he is called as a witness on a trial and compelled to state the same matter. Thus he has been compelled to make a very public statement. What he has said is true, but he cannot prove its truth. Now, it would be highly unjust to permit this compulsory statement to be used as a reiteration of the slander, with the charge of the court that he was privileged only to the extent of speaking the whole truth. He would thus be deprived of that important protection given by the principle that such communications are absolutely privileged.

We think, therefore, that it was error to charge that the testimony given before the common council was privileged only as far as it was true, and that if untrue, it showed express malice.

We have taken the plaintiff's grounds, viz., that the allegation in the complaint in regard to the testimony before the common council was merely intended as aggravation of damages, and not as a separate cause of action. It has not been considered necessary to set forth

such aggravation in the complaint; and we do not feel confident that the allegation does not state a separate cause of action. If it be a separate cause of action, then the views we have stated apply as the plaintiff concedes.

The judgment and order should be reversed and a new trial granted, costs to abide event.

LANDON and MAYHAM, JJ., concurred.

Judgment and order reversed, new trial granted, costs to abide event.